# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY RICE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:19CV3162 HEA |
| INTERFOOD, INC, et al., | ) ) ). | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Interfood, Inc.s= Motion to Dismiss for Failure to State a Claim, [Doc. No. 9], Defendant Tepco's Motion to Dismiss for Insufficiency of Service, [Doc. No. 11], Defendant Interfood, Inc.'s Motion for Sanctions, [Doc. No. 25], Plaintiff's "Motion to 1) Correct Record, 2) change judge, 3) return case to: The Circuit Court of Franklin County, Mo, and 4) include Plaintiff in electronic filing and notification, [Doc. No. 14], and Plaintiff's Motion to Remand, [Doc. No. 15] . The parties respectively oppose the motions. For the reasons set forth below, the Motions to Dismiss are granted; the Motion for Sanctions is granted, and Plaintiff's Motions are denied as moot.

### Standards for Motions to Dismiss

**Rule 12(b)(6)**

– 1 –

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have 'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555).

**Rule 12(b)(5)**

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (cited case omitted).

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).

## Discussion

**Rule 12(b)(6)**

Defendant Interfood, Inc. moves to dismiss this action on the ground that it was not a party to the contract allegedly breached. Plaintiff's Petition1 alleges that each purchase and sale of dairy products in the U.S. by Defendants is a breach of the "exclusivity agreement" Plaintiff has had since 2003 with Interfood Group to buy and sell dairy products in the U.S. Plaintiff has attached the "Shareholders'

---

1 Plaintiff filed this action in the Circuit Court of Franklin County, Missouri. Defendants removed it based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

Agreement" to his Petition as Exhibit 1. In assessing plausibility, as required under the *Twombly* and *Iqbal* standard, the Eighth Circuit Court of Appeals has explained that courts Aconsider[ ] only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. *Whitney v. Guys, Inc*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir.2003)). Thus, courts may consider materials that are part of the public record or do not contradict the complaint. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir.2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir.2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.*Miller*, 688 F.3d at 931 n. 3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure ' 1357 (3d ed.2004)).

"[M]aterials attached to the complaint as exhibits may be considered in

construing the sufficiency of the complaint." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

Exhibit 1 shows that the Shareholders Agreement was a contract between Plaintiff and Tepco B.V., the two shareholders of Waltepco in mid-2003.

In an action for breach of contract, it is fundamental that the defendants must be the parties obligated to perform under the contract. *See, e.g.*, *Nachbar v. Duncan*, 114 S.W.3d 421, 424 (Mo. App. 2003); *Calender v. City of Pine Lawn*, 2008 WL 276531 (E.D. Mo. 2008). Defendant Interfood, Inc. is not a proper defendant in this action for breach of the Shareholders Agreement. Therefore, the Petition fails to state a cause of action against Defendant Interfood, Inc. *See Rice v. Interfood, Inc.*, No. 4:13CV1171HEA, 2014 WL 916951, at *4 (E.D. Mo. Mar. 10, 2014), *aff'd*, 709 F. App'x 415 (8th Cir. 2018).

**Rule 12(b)(5)**

Defendant Tepco B.V argues that Plaintiff did not properly serve it with the summons and a copy of the Petition. A special process server left a copy of the summons with Interfood, Inc.'s office in Florida.

When personal jurisdiction is challenged in a motion to dismiss, the party asserting jurisdiction must make a prima facie showing that jurisdiction exists. *Fastpath, Inc. v. Arbela Tech., Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To

survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). "The plaintiff's 'prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.' " *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (*quoting Block Indus. v. DHL Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). The Court "must view the evidence in the light most favorable to [the nonmoving party] and resolve factual conflicts in its favor...." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 983 (8th Cir. 2004). "When the validity of service is contested by a motion to dismiss, the burden is on the plaintiff to establish proper service." *A.T. v. Newark Corp.,* No. 4:16-CV-448-SNLJ, 2017 WL5070421, at *2 (E.D. Mo. Nov. 3, 2017). "If a defendant challenges process that was made *before* removal, state law controls." *Id.* at * 3 (emphasis in original). "[T]he applicable Missouri Rules of Civil Procedure are substantively equivalent to Federal Rule of Civil Procedure 4(h)(1)(B), which allows a foreign corporation to be served through its general agent." *Id.*

As Defendant Tepco correctly argues, Plaintiff purported to serve Tepco by having a special process server deliver a summons to Interfood, Inc.'s office in

– 7 –

Miami, Florida. The fact that Interfood, Inc. may be a subsidiary of Tepco does not make Interfood, Inc. an agent of Tepco for service of process purposes. A domestic subsidiary is not an involuntary agent of a foreign corporation for service of process under Missouri law. *See id*. (citing *Dunakey v. Am. Honda Motor Co.*, 124 F.R.D. 638,639 (E.D. Mo. 1989)). Furthermore, "[a] corporation does not become an agent of another corporation merely because a majority of its voting shares is held by the other." *Id*.

Defendant Tepco is a Dutch company that maintains its principal place of business in the Netherlands. Declaration of Franciscus van Stipdonk ¶¶ 3-4. Tepco has no offices or operations in the United States. Van Stipdonk Dec. ¶ 5. The office at 777 Brickell Avenue, Suite 210, Miami, Florida 33131, is not a Tepco office. Van Stipdonk Dec. ¶ 6; Declaration of Alexis Monzón ¶ 3. Additionally, Alexis Monzón, with whom the summons was left, is an employee of Interfood, Inc. Van Stipdonk Dec. ¶ 7; Monzón Dec. ¶¶ 2-3, 6-7. Neither Interfood, Inc. nor Monzón is Tepco's general agent, and Tepco has not appointed Interfood, Inc. or Monzón as Tepco's agent for receiving service of process. Van Stipdonk Dec. ¶¶ 7-8; Monzón Dec. ¶¶ 4-5. The attempt to serve Tepco at the Miami, Florida address of one of its purported subsidiaries was improper. The Motion to Dismiss is therefore well taken.

## Motion for Sanctions

Defendant has provided the Court with a detailed recitation of Plaintiff's previous claims and the dispositions thereof. Numerous state and federal courts have dismissed Plaintiff's claims and have entered sanctions, injunctions, and contempt orders based upon Plaintiff's vexatious conduct. *See, e.g.*, *Interfood, Inc. v. Rice*, 284 S.W.3d 689 (Mo.Ct. App. 2009) (mem.) (affirming trial court's resolution of the shareholder dispute against Plaintiff); *Interfood, Inc. v. Rice*, 07AB-CC00086 (Cir. Ct. of Franklin Cnty., Mo. July 16, 2009) (dismissing Plaintiff's pleading as sanction for failure to provide electronically stored information, failure to produce documents, and his thwarted attempt to destroy those documents); *Interfood, Inc. v. Rice*, 07AB-CC00086 (Cir. Ct. of Franklin Cnty., Mo. Dec. 30, 2009) (enforcing settlement agreement over Plaintiff's objection); *Interfood, Inc. v. Rice*, 337 S.W.3d 731 (Mo. Ct. App. 2011) (mem.) (affirming judgment enforcing settlement agreement); *Interfood, Inc. v. Rice*, 07AB-CC00086 (Cir. Ct. of Franklin Cnty., Mo. Aug. 17, 2009) (entering judgment of contempt against Rice); *State ex rel. Larry Rice v. Lynch*, ED96885 (Mo. Ct. App. June 16, 2011) (denying Plaintiff's petition for writ of prohibition or mandamus); *State ex rel. Rice & Husmann v. Lynch*, SC91851 (Mo. June 23, 2011) (en banc) (denying petition for writ of mandamus or prohibition); *Interfood, Inc. v.*

*Rice*, 404 S.W.3d 272 (Mo. Ct. App. 2012)(mem.) (affirming as moot all contempt rulings and affirming award of attorneys' fees against Rice); *Rice v. Interfood, Inc.*, No. 14-1195, Judgment (8th Cir. Apr. 2, 2014) (affirming district court's *sua sponte* dismissal of complaint); *Rice v. Interfood, Inc.*, 2014 WL 916951 (E.D. Mo. Mar. 10, 2014) (dismissing Plaintiff's breach of fiduciary duty, breach of contract, and civil conspiracy claims for failure to state a claim); *Rice v. Interfood, Inc.*, 2015 WL 331787 (E.D. Mo. Jan. 23, 2015) (granting summary judgment against Plaintiff for breach of settlement agreement); *Rice v. Interfood, Inc.*, 709 F. App'x 415 (8th Cir. 2018) (affirming district court's dismissal of Plaintiff's breach of fiduciary duty, breach of contract, and civil conspiracy claims and grant of summary judgment against Plaintiff for breach of settlement agreement); *Rice v. Interfood, Inc.*, No.18-2713 (8th Cir. Aug. 14, 2018) (denying Plaintiff's petition for mandamus, which challenged *inter alia* district court's judgment against Plaintiff for breach of settlement agreement); *Rice v. Interfood, Inc.*, No. 18-3044 (8th Cir. June 7, 2019) (dismissing Plaintiff's appeal of district court's judgment for lack of jurisdiction).

Plaintiff's claims arise out of the same facts as he initially raised. Prior to any filings in this Court, the Missouri Court of Appeals had already heard and decided three separate appeals arising out of the same operative facts alleged in the

instant complaint. Those appeals arose out of an action filed in 2007 in the Circuit Court of Franklin County, Missouri, in which the court found that Plaintiff was validly removed as a corporate director of Waltepco Holding Company ("Waltepco"). That judgment was affirmed on appeal.

The parties to that action subsequently participated in court-ordered mediation and, ultimately, entered into a settlement agreement, which Plaintiff subsequently repudiated. After the trial court entered a judgment enforcing that settlement agreement, Plaintiff appealed, and the judgment was affirmed. Upon remand, Plaintiff refused to abide by the terms of the settlement agreement and was found in civil contempt of the trial court's judgment enforcing the settlement agreement. The Missouri Court of Appeals again affirmed the trial court's contempt judgment.

Plaintiff filed a new action in this Court in 2013, re-alleging the same operative facts that were the basis of these previous proceedings. Later in 2013, Plaintiff also filed an action seeking federal review of the state court's decisions, which was dismissed *sua sponte* by this Court and affirmed by the Eighth Circuit.

This Court dismissed Plaintiff's claims and granted summary judgment against Plaintiff on the counterclaims against him, and the Eighth Circuit affirmed.

Plaintiff returned to state court and filed this action in October 2019.

Interfood, Inc., a Delaware corporation, removed it to this Court.

Defendants seek sanctions against Plaintiff for his filing this action because the Shareholder agreement on which Plaintiff relies expired 11 years ago, and Defendant Interfood, Inc. is not even a party to the agreement.

Defendants have previously sought sanctions in this Court, which the undersigned has denied. However, Plaintiff's claims in this case are based on issues that have been previously decided. In essence, Plaintiff is ignoring this Court's ruling by suing another entity. Plaintiff cannot thwart this Court's rulings by simply bringing another suit based on the same set of operative facts,

Plaintiff's claims are not warranted by existing law and are presented for the improper purpose of harassing Defendants and needlessly increasing their costs of litigation. Plaintiff has now run awry of Rule 11. The Motion for Sanctions is granted.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Petition fails to state a cause of action and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Interfood, Inc's Motion to Dismiss for Failure to State a Claim, [Doc. No. 9], is granted

**IT IS FURTHER ORDERED** that Defendant Tepco's Motion to Dismiss for Insufficiency of Service, [Doc. No. 11], is **granted**.

**IT IS FURTHER ORDERED** that Defendant Interfood, Inc.'s Motion for Sanctions, [Doc. No. 25], is **granted**. Defendant shall submit its itemized statement of attorneys' fees incurred by Defendant in relation to this action within 14 days from the date of this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to 1) Correct Record, 2) change judge, 3) return case to: The Circuit Court of Franklin County, Mo, and 4) include Plaintiff in electronic filing and notification, [Doc. No. 14], is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 15], is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions, [Doc. No. 10], is **denied**.

A separate Order of Dismissal is entered this same date.

Dated this 9th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE